Ashlee B. Hesman, Bar No. 028874
Courtney T. Lacaillade, Bar No. 035573
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
ahesman@strucklove.com
clacaillade@strucklove.com

*Attorneys for Defendants Armstrong, Hoyos, and Salas*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond D. Turner, | NO. 2:22-cv-00659-DWL-MTM |
| Plaintiff, | **DEFENDANTS' MOTION FOR SANCTIONS** |
| v. | |
| Gila County; C. Salas; Armstrong; Hoyos, et al. | |
| Defendants. | |

Pursuant to the Court's December 29, 2023 Order, "[i]f Plaintiff fails to adequately respond to Defendants' discovery requests within 30 days, Defendants may file an appropriate motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure." (Dkt. 64 at 11.) Because Plaintiff has failed to comply with this Court Order and provide responses to Defendants' discovery requests, Defendants seek an order dismissing Plaintiff's Second Amended Complaint without prejudice as a sanction. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

## I.     Background.

On February 3, 2023, Defendants propounded their first set of requests for admission, requests for production, and interrogatories upon Plaintiff.  (Dkt. 36-1 at ¶ 3.) These discovery requests were propounded to explore whether Plaintiff exhausted his administrative remedies before filing suit to determine whether to file an early motion for summary judgment on this issue.  (*Id*. at ¶ 4.)   Because "the exhaustion question in PLRA

cases should be decided as early as feasible," Defendants propounded this information early to allow the issue to be resolved prior to the merits of the case. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). Responses to Defendants' discovery requests were due March 9, 2023. (Dkt. 36-1 at ¶ 5.) On March 14, 2023, after no responses were received, Defense counsel sent Plaintiff correspondence advising of the missed deadline and informing Plaintiff that she would arrange a telephonic conference to meet and confer prior to raising the issue with the Court. (*Id*. at ¶ 6.) That conference took place on April 10, 2023. (*Id.* at ¶ 7.)

During the meet and confer, Plaintiff advised that he was unable to respond to the discovery requests because he was recently transferred to a new facility and did not have his legal files or access to writing materials. (*Id*. at ¶ 8.) As such, Defense counsel waited several weeks prior to bringing a motion to the Court in hopes that Plaintiff's alleged obstacles would be remedied. (*Id*. at ¶ 9.) But Plaintiff never responded, prompting Defendants to file a Motion to Compel on May 4, 2023. (Dkt. 36.) On May 10, 2023, Plaintiff responded, alleging he was "transferred to MCSO Watkins Unit located in Phoenix, Arizona on March 15, 2023, and was unable to take any of his property from ASPC Yuma – Cheyenne in regard to his case." (Dkt. 38 at 1.) He claimed that his "property was misplaced by ADOC and it's been impossible to plead his case without the proof of complaints he filed against [Defendants]." (*Id*. at 3.) On May 24, 2023, Plaintiff requested a hearing. (Dkt. 39.) On May 30, 2023, the Court set a telephonic status hearing "to discuss Plaintiff's access to his legal material and his responses to Defendants' discovery requests."[1] (Dkt. 42.) In response, the Court set a telephonic hearing for June 21, 2023. The hearing took place on June 21, 2023.

During the hearing, Plaintiff advised Magistrate Judge Morrissey that he was recently transferred and did not have copies of the discovery Defendants propounded, which was different than his prior claim that he did not have documents he allegedly needed to

---

[1] In this same Order, the Court denied Defendants' Motion to Compel (Dkt. 36) without prejudice. (Dkt. 42 at 2.)

draft responses or his prior claim that he did not have access to paper and envelopes.  (Dkt. 36-1 at ¶ 8; Dkt. 39.)  Magistrate Judge Morrissey advised Defendants to re-send the discovery requests to Plaintiff at ASPC-Yuma.  (*Id*.)  Out of an abundance of caution, that same day on June 21, 2023, Defendants resent the discovery requests to Plaintiff's addresses at both ASPC-Yuma and MCSO. (Dkt. 48-1 at ¶ 3.)  Magistrate Judge Morrissey directed Plaintiff to respond to the discovery requests based upon his memory.  (Dkt. 45.)

Despite being ordered by the Court to respond to these discovery requests and Plaintiff's continued failure to provide responses to Defendants, Defendants filed a Motion to Dismiss requesting that the Court dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to prosecute his claims on August 1, 2023. (Dkt. 48.) On December 29, 2023, the Court denied Defendants' Motion to Dismiss and ordered Plaintiff to serve complete responses to Defendants' discovery requests related to the exhaustion of Plaintiff's administrative remedies within 30 days of the filing of the Court's Order. (Dkt. 64.) Plaintiff's responses were due January 29, 2024; however, Plaintiff failed to comply with the Court's Order and did not provide any responses to Defendants' discovery requests. It has now been over 365 days since Defendants first propounded these discovery requests related to the exhaustion of Plaintiff's administrative remedies, and despite two separate Court Orders directing Plaintiff to respond fully (and by memory if necessary), Plaintiff has never responded.[2] (Dkts. 45, 64.) As such, Defendants request that the Court sanction Plaintiff for his failure to comply with the Court's December 29, 2023 Order and dismiss Plaintiff's Second Amended Complaint.

---

[2] Plaintiff's refusal to respond to discovery requests is not new.  In another matter Plaintiff was prosecuting in Arizona District Court, he made similar allegations to justify his failure to respond to defendant's discovery requests.  Specifically, while incarcerated at a different facility, he claimed he could not respond to defendant's discovery requests because he did not have access to his legal materials.  *See Turner v. Allred, et al*., Plaintiff Turner's Request for Extension for Production, Admission, & Interrogatories, No. CV 22-00179-TUC-CKJ (D. Ariz.), ECF 26.  There, just as Magistrate Judge Morrissey did here, the Court ordered Plaintiff to respond to Defendants' discovery requests based upon his memory.  Order, *id.*, ECF 33.  Even then, Plaintiff failed to completely respond. Defendant's Motion to Dismiss for Failure to Prosecute, *id.*, ECF 37.

**II.    This Matter Should Be Dismissed for Plaintiff's Failure to Comply with the Court's December 29, 2023 Order.**

Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides in pertinent part that when a party "fails to obey an order to provide or permit discovery" the Court may issue "further just orders," including "dismissing the action or proceeding in whole or in part." *See Brinkman v. Ryan*, 2018 WL 9918130, at * 1 (D. Ariz. Jan. 30, 2018). "The Court retains broad discretion in selecting the appropriate sanction," but "dismissal is appropriate only if the plaintiff's noncompliance is 'due to willfulness, fault, or bad faith.'" *Id*. (quoting *Henry v. Gill Indus., Inc.*, 983 F.2d 943 (9th Cir. 1993) (citation and internal quotations omitted)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (quoting *Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir. 1994)).

Plaintiff was ordered to "serve **complete** responses to Defendants' discovery requests that **fully comply** with the Federal Rules of Civil Procedure" and to respond to the discovery requests "to the best of his memory." (Dkt. 64 at 11.) Plaintiff's deadline to provide responses to Defendants' discovery requests was January 29, 2024, but Plaintiff failed to comply with this deadline. The Court has the discretion to dismiss this action in whole because of Plaintiff's failure to comply with the Court's Order was "due to willfulness, fault, or bad faith." *See Jorgensen*, 320 F.3d at 912.  Specifically, Plaintiff has not demonstrated that his failure to respond to these discovery requests was outside of his control. *Id*. Instead, Plaintiff demonstrated that he simply has chosen not to respond to these discovery requests, despite being ordered to do so more than once by the Court. (Dkts. 45, 64.) In his Response to Defendants' Motion to Dismiss, Plaintiff conceded that he received Defendants' discovery requests on July 17, 2023. (Dkt. 56 at 2.) However, it is unknown why after having these discovery requests for over 200 days now, Plaintiff has failed to provide his responses to Defendants. As such, it is clear that Plaintiff's failure to respond to these discovery requests is not outside of his control, but rather, due entirely to Plaintiff's

unwillingness to respond and proceed forward with his claims. *See Jorgensen*, 320 F.3d at 912.

Additionally, "the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Porter v. Martinez,* 941 F.2d 732, 733 (9th Cir.1991)). As detailed below, the weighing of these factors favors dismissal.

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—favor dismissal of this action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (finding a district court may dismiss an action for failure to comply with any order of the Court).  As the Court noted in its December 29, 2023 Order, part of the delay until that point was due to Plaintiff's failure to provide complete responses to Defendants' discovery requests. (Dkt. 64 at 7.) Plaintiff's failure to comply with the Court's December 29, 2023 Order demonstrates nothing more than his unwillingness to respond to these discovery requests and this conduct is the sole reason for the additional delay in this matter. Although it was also noted that some previous delay was attributable to Plaintiff's movements to other facilities since filing his original Complaint, Plaintiff's last movement occurred on June 23, 2023, when he was transferred to ASPC-Yuma.[3] (Dkts. 56 at 1; 64 at 7.) Plaintiff stated in the June 21, 2023, hearing that the reason he had not previously responded to the discovery requests was due to his prior transfers and not having copies of the discovery requests to respond to them. (Dkt. 36-1 at ¶ 8.) To remedy that situation, the Court ordered Defendants to resend the discovery requests and ordered

---

[3] Defendants' Supplement to their Motion to Dismiss filed on September 21, 2023, informed the Court of Plaintiff's failure to comply with the Court's Order to file a Change of Address by August 23, 2023. (Dkt. 55.) To date, Plaintiff has failed to file a Change of Address in compliance with that Court Order. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address).

Plaintiff to respond by memory, if necessary. (Dkt. 48-1 at ¶ 3; Dkt. 45.) Plaintiff admitted that he received Defendants' discovery requests again on July 17, 2023. (Dkt. 56 at 1.) Plaintiff has not since transferred from ASPC-Yuma, thus Plaintiff cannot attribute his failures to comply with the Court's December 29, 2023 Order and to respond to the discovery requests to any movement to another facility. Plaintiff's willful conduct, bad faith, or own fault is the sole reason for the additional delay in this matter. As such, neither the public's interest in expeditious resolution of litigation nor the Court's need to manage its docket are served by allowing this action to continue.

As to the third factor, a sanction of dismissing this action will not prejudice Defendants. To the contrary, Defendants will be prejudiced if this action is allowed to continue. Plaintiff was ordered on two separate occasions to respond to Defendants' discovery requests, from memory if necessary, and he has failed to do so. (Dkts. 45, 64.) Most recently, Plaintiff was ordered by the Court to respond by January 29, 2024, but he failed to do so. Considering Plaintiff admitted to receiving these discovery requests on July 17, 2023, and he previously could not respond to the discovery requests due to allegedly not having copies of them, Plaintiff cannot proffer any non-frivolous reasons for his failure to comply with the Court's December 29, 2023 Order. *Cf. In Re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("[P]laintiff may proffer an excuse for delay that, if 'anything but frivolous,' shifts the burden of production to the defendant to show at least some actual prejudice.'") (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452)). It is unclear why, even after receiving copies of the discovery requests—over 200 days ago—Plaintiff still fails to respond. As such, Plaintiff's continuous failures to respond to these discovery requests result in an unreasonable delay of this matter and are prejudice to Defendants. This factor thus favors dismissal of this action.

The fourth factor is the public policy favoring disposition of cases on the merits. It is undisputed that Plaintiff's failure to respond to Defendants' discovery requests, which were propounded over 365 days ago, has prevented this case from moving toward resolution on the merits. And Plaintiff's failure to comply with the Court's December 29, 2023 Order

1   further establishes his unwillingness to litigate his claims to allow this case to proceed
2   forward to be decided on the merits. Thus, this factor also favors dismissal.

3      The fifth factor requires the Court to consider whether a less drastic alternative than
4   dismissal is available. But the Court need not exhaust every sanction short of dismissal
5   before finally dismissing a case. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
6   1986). As the Court already noted, sanctions under Rule 37(b)(2)(A) are less drastic
7   alternatives to a dismissal under Rule 41 for failure to prosecute. (Dkt. 64 at 10.) This
8   includes a sanction of dismissal without prejudice, which is appropriate here and is less
9   drastic than dismissal with prejudice. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); *Carey*, 856 F.2d
10  at 1441 (affirming dismissal "*without* prejudice" as lesser sanction than dismissal with
11  prejudice).

12     Moreover, it was noted that the "[i]mposition of these sanctions would adequately
13  address continued failure to participate in the discovery process," which is the current issue
14  in this case. (Dkt. 64 at 10.) Between Defendants' Motion to Dismiss and the Court's
15  December 29, 2023 Order, Plaintiff was adequately put on notice that his failure to respond
16  to these discovery requests could result in the dismissal of this case. Moreover, the Court's
17  December 29, 2023 Order, also detailed the available sanctions Defendants could seek
18  under Rule 37(b)(2)(A), including dismissal, and advised that Defendants may file an
19  appropriate motion for sanctions pursuant to Rule 37 if Plaintiff failed to adequately respond
20  to Defendants' discovery requests. As such, Plaintiff is well aware dismissal of this matter
21  could result from his failure to respond to Defendants' discovery requests, yet he still failed
22  to comply with the Court's December 29, 2023 Order.

23     Additional Court Orders to Plaintiff would be arbitrary, as he has continued to
24  demonstrate an unwillingness to comply with Court Orders issued thus far in this matter.
25  (Dkts. 45, 55, 64.) Furthermore, due to Plaintiff's *in forma pauperis* status, monetary
26  sanctions will likely be unenforceable. (Dkts. 4; 9 at 2.) Moreover, because these discovery
27  requests are related to Plaintiff's exhaustion of his administrative remedies before filing this
28  lawsuit, designating any facts or evidence that Plaintiff failed to exhaust his administrative

remedies would function as the equivalent of dismissal of Plaintiff's claims. Because meaningful sanctions less drastic than dismissal without prejudice are unavailable, this factor weighs in favor of dismissal as well. As such, the Court should dismiss Plaintiff's Second Amended Complaint without prejudice.

**III.    Conclusion**

For these reasons, Defendants request that the Court dismiss this matter without prejudice as a result of Plaintiff's failure to comply with the Court's December 29, 2023 Order.

DATED this 8th day of February 2024.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Courtney T. Lacaillade
　　Ashlee B. Hesman
　　Courtney T. Lacaillade
　　3100 West Ray Road, Suite 300
　　Chandler, Arizona 85226

　　*Attorneys for Defendants Armstrong, Hoyos and Salas*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

N/A

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

Raymond D. Turner
#357259
Phoenix MCSO Inmate Legal Services
3250 W. Lower Buckeye
Phoenix, AZ 85009
*Plaintiff Pro Se*

Raymond D. Turner
#357259
ASPC-Yuma / Cheyenne Unit
P.O. Box 8909
San Luis, AZ  85349
*Plaintiff Pro Se*

/s/ Courtney T. Lacaillade